FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JUN 28 A 10: 4?
CLERK_____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JORGE CORTES-MORALES,

    Petitioner,

vs.

CIVIL ACTION NO.: CV213-057

SUZANNE R. HASTINGS, Warden.

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jorge Cortes-Morales ("Cortes-Morales"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Cortes-Morales responded with a Traverse. Respondent followed with a Reply. For the reasons which follow, Cortes-Morales' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Cortes-Morales was convicted, after pleading guilty in the District of Puerto Rico, of being a felon and armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), or the Armed Career Criminal Act ("ACCA"). Based on these convictions, Cortes-Morales faced a sentence of 210 to 262 months' imprisonment. The Honorable Jose A. Fuste sentenced Cortes-Morales to 210 months'

imprisonment. (Doc. No. 9-5). No direct appeal was filed, and the judgment became final on October 2, 2006.

Cortes-Morales filed a motion pursuant to 28 U.S.C. § 2255. The District of Puerto Rico Court granted the petition for the limited purpose of amending the judgment to impose a concurrent federal sentence. (Doc. No. 9-7). The remaining portions of the petition regarding double jeopardy were denied and unsuccessfully appealed to the First Circuit Court of Appeals. (Doc. No. 9-9).

Cortes-Morales then filed a section 2241 petition in this Court asserting that, under current law, he no longer had the three requisite prior convictions to be sentenced under the ACCA. (Case. No. CV210-159). Cortes-Morales specifically contended that a 1991 conviction from New York for the attempted criminal sale of a controlled substance no longer qualifies under the ACCA as a "serious drug offense". Chief Judge Lisa Godbey Wood adopted the undersigned's Report and Recommendation and dismissed Cortes-Morales' petition. (Id. at Doc. No. 22). Cortes-Morales filed a motion for reconsideration, which was granted for the limited purpose of examining whether Cortes-Morales presented a meritorious sentencing claim. (Id. at Doc. No. 24). Ultimately, Chief Judge Wood concluded Cortes-Morales "was not sentenced improperly under the ACCA," and denied his petition. (Id. at Doc. No. 27, p. 3).

Cortes-Morales filed a second motion for reconsideration, again contending that his prior conviction did not qualify as a "serious drug offense" under the ACCA. (Case. No. CV210-159, Doc. No. 28). Cortes-Morales argued that in light of recent decisions from the State of New York, his convictions no longer qualified as viable ACCA

2

offenses. This Court denied Cortes-Morales' motion. (Id. at Doc. No. 30). Cortes-Morales' appeal to the Eleventh Circuit Court of Appeals was dismissed. (Id. at Doc. No. 41).

In the instant petition, Cortes-Morales reiterates his argument that his 1991 New York conviction does not serve as an ACCA predicate offense. Cortes-Morales claims the conviction is not or was not punishable by more than ten years' imprisonment and does not qualify as a "serious drug offense"; that he is therefore "actually innocent" of his federal sentence; and that he should be sentenced to a shorter term of imprisonment. Cortes-Morales cites to Begay v. United States, 533 U.S. 137 (2008), and Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577 (2010), in support of his petition. Respondent contends that Cortes-Morales has not satisfied the savings clause and thus cannot bring his claims pursuant to § 2241.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

3

sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Cortes-Morales' action is styled as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Cortes-Morales asserts that under current law, Begay, and Carachuri-Rosendo, his underlying convictions for attempted sale of a controlled substance and sale of a controlled substance "can no longer be considered 'serious drug offenses' because the offenses are not punishable by a term exceeding ten years." (Doc. No. 1, p. 4). Cortes-Morales argues he is "entitled to resentencing, without attribution of the enhanced Armed Career Criminal Act enhancements." (Id. at p. 5)

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Cortes-Morales cites to Begay and Carachuri-Rosendo in his Petition and Traverse as standing for the contention that he is "actually innocent of the underlying Armed Career Criminal sentence." (Doc.No. 1, p. 2). Cortes-Morales provides

4

citations to these cases, but provides no meaningful explanation as to how either case serves to support his arguments. Nonetheless, neither Begay nor Carachuri-Rosendo aid Cortes-Morales in satisfying § 2255's savings clause as retroactively applicable Supreme Court cases. In addition, Cortes-Morales fails to present evidence that he was convicted of a non-existent offense, as the cases cited do not de-criminalize the conduct for which he was convicted. Cortes-Morales does not set forth any Begay- or Carachuri-Rosendo- based arguments that he could not raise during sentencing, on appeal, or in a § 2255 motion.[1]

Nor has Cortes-Morales shown that his claims were foreclosed on a previous occasion. Cortes-Morales' instant petition raises nearly identical arguments to those he has unsuccessfully presented to this Court in his previous § 2241 petition. In addition, Cortes-Morales has not demonstrated that these arguments were foreclosed at the time of his previous § 2255 petition. Cortes-Morales has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Cortes-Morales has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

---

[1] The Supreme Court held in Begay that a DUI offense did not constitute a "violent felony" within the meaning of the ACCA. 553 U.S. 1581. The Carachuri-Rosendo decision examined removal proceedings under the Immigration and Nationality Act. 130 S. Ct. 2577. Additionally, Carachuri-Rosendo does not apply retroactively to cases on collateral review. See Fields v. Warden, FCC Coleman-USP 1, 484 Fed. Appx. 425, 427 (11th Cir. 2012); Bennett v. Haynes, 2012 WL 385629 (S. D. Ga. Jan. 19, 2012). Neither case affects any sentencing enhancement Cortes-Morales may have received pursuant to the ACCA.

Cortes-Morales cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Mathews is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## **CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** Cortes-Morales' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE