# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

JORGE CORTES-MORALES,            :
                                 :
         Petitioner,             :
                                 :
    vs.                          :        CIVIL ACTION NO.: CV213-057
                                 :
                                 :
SUZANNE R. HASTINGS, Warden.     :
                                 :
         Respondent.             :

## O R D E R

Petitioner Jorge Cortes-Morales ("Cortes-Morales"), filed Objections to the Magistrate Judge's June 28, 2013, Report which recommended that Cortes-Morales's 28 U.S.C. § 2241 be dismissed. In his Objections, Cortes-Morales argues that he does in fact satisfy the savings clause of 28 U.S.C. § 2255.

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. As discussed in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), and in the Magistrate Judge's Report, a motion under § 2255 is inadequate or ineffective, thus triggering the availability of § 2241 relief, only when a three-part test is met. When a prisoner's claim "1) [ ] is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme

AO 72A
(Rev. 8/82)

Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion[,]" then the prisoner may pursue relief under § 2241. Wofford, 177 F.3d at 1244.

Cortes-Morales cites Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577 (2010), as applicable Supreme Court precedent. Carachuri-Rosendo does not meet the Wofford test.[1] Carachuri-Rosendo does not de-criminalize the conduct for which Cortes-Morales was convicted. Neither can Cortes-Morales demonstrate that Carachuri-Rosendo overturned binding, contrary circuit precedent that precluded him from raising his claim on a previous occasion. Because Cortes-Morales fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed motions, his claims cannot be brought pursuant to § 2241. Simply put, Cortes-Morales has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Cortes-Morales's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court.

---

[1] The Carachuri-Rosendo decision examined the meaning of "aggravated felony" in connection with removal proceedings under the Immigration and Nationality Act. 130 S. Ct. 2577. Additionally, Carachuri-Rosendo does not apply retroactively to cases on collateral review. See Fields v. Warden, FCC Coleman-USP 1, 484 Fed. Appx. 425, 427 (11th Cir. 2012); Bennett v. Haynes, 2012 WL 385629 (S. D. Ga. Jan. 19, 2012).

AO 72A
(Rev. 8/82)

Cortes-Morales's petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___24___ day of ___July___, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)